**LY SHEW, as Guardian ad Litem of Ly Moon, a minor, Plaintiff,**

v.

**The Honorable Dean ACHESON, as Secretary of State of the United States, Defendant.**

**LY SHEW, as Guardian ad Litem of Ly Sue Ning, a minor, Plaintiff,**

v.

**The Honorable Dean ACHESON, as Secretary of State of the United States, Defendant.**

**Civ. Nos. 30159, 31161.**

United States District Court
N. D. California, S. D.

April 1, 1955.

Stanley J. Gale, Sacramento, Cal., for plaintiff.

Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendant.

GOODMAN, District Judge.

The Court heretofore filed its opinion,[1] Findings of Fact and Conclusions of Law and Judgment herein. Upon appeal and review by the Court of Appeals of this Circuit, the latter vacated our judgment and remanded the cause to us "with directions to make findings as to whether Ly Shew was the father of Moon and Ning, such findings to be made in the light of this opinion [Appellate court] and thereupon enter such judgment as may be proper."

The opinion[2] of the Court of Appeals stated that: "On the issue thus raised, Moon and Ning had the burden of proof, which is to say, the burden of proving that Ly Shew was their father." That burden, the opinion states, was "the ordinary one", i. e. "the ordinary burden of proof resting on plaintiffs in civil actions". As to whether plaintiffs sustained that burden, the Court of Appeals expressed no opinion.

Recognizing that some of the evidence introduced by plaintiffs was uncontroverted, the opinion stated that we were "not required to believe such evidence or to accept it as true."

1. 110 F.Supp. 50.

2. 9 Cir., 219 F.2d 413, 416.

Upon filing of the mandate here, we heard arguments from counsel with respect to new findings and judgment.

The statement of Chief Judge Denman in his dissenting opinion, Ly Shew v. Dulles, 219 F.2d 413, at page 419 that this Court wrongfully invoked a religious doctrine in its decision, requires airing. If I had thought that the simple statement in my opinion " 'In every sense, so far as I am concerned, this is God's country'" would invoke criticism as a "wrongful invocation of religion," I would have spelled it out even more simply. How any reviewer could make out of this statement, anything more than a belief that this is a great country, smiled on by God, and a country which many oppressed people wish to enter, is most difficult to understand. But since the Chief Judge seems to have a different view, let me make it clear that no religious doctrine was invoked. The facts would have been appraised the same for Catholics, Jews, Protestants, Buddhists, as well as for so-called "Christo-Hebraics."

Upon consideration of the opinion and mandate of Court of Appeals and the arguments of counsel, we now make the following Findings of Fact and Conclusions of Law;

1. It is not true that the persons who claim to be the plaintiffs herein have always considered themselves and declared themselves to be citizens of the United States; it is not true that they had always intended to come to the United States; and it is not true that it had always been their intention to keep and maintain a domicile and residence within the United States.

2. It is not true that the residence and domicile of said persons who claim to be plaintiffs is within the Northern District of California or in the United States of America.

3. In substantial respects, the evidence introduced by plaintiffs was inconsistent and contradictory and therefore not credible. Consequently it is not accepted as true. The burden of proving

their citizenship rested upon plaintiffs. To sustain that burden plaintiffs had to prove by preponderating evidence that Ly Shew was their father. He may be, but plaintiffs did not sustain the burden of showing it. Hence, for that reason, the Court's finding is that Ly Shew was not the father of plaintiffs.

## Conclusions of Law

1. The persons before the Court as plaintiffs in this action are not entitled to the relief prayed for.

Let judgment be entered accordingly.